## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SAFIYA GHORI-AHMAD** | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Case No. 12-cv-00936-BJR |
| | ) | |
| **UNITED STATES COMMISSION ON** | ) | |
| **INTERNATIONAL RELIGIOUS** | ) | |
| **FREEDOM** | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF SAFIYA GHORI-AHMAD'S RESPONSE
### TO DEFENDANT'S STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Federal Rule of Civil Procedure 56(c) and Local Civil Rule 7(h), Plaintiff Safiya Ghori-Ahmad respectfully submits the following response to Defendant's Statement of Material Facts As To Which There Is No Genuine Issue.

1.      During the time period from March 2009 through October 2009, the following individuals served as Commissioners on the U.S. Commission on International Religious Freedom:  Nina Shea, Felice Gaer, Richard Land, Michael Cromartie, Elizabeth Prodromou, Leonard Leo, Imam Talal Eid, and Don Argue.  *See* http://www.uscirf.gov/about-uscirf/former-commissioners.

**Response**:

Undisputed.

2.      In October of 2010, the following individuals served as Commissioners on the

U.S. Commission on International Religious Freedom:  Nina Shea, Felice Gaer, Richard Land,

Elizabeth Prodromou, Leonard Leo, Imam Talal Eid, Don Argue, Dr. William Shaw, and Ted

Van Der Meid.  *See* http://www.uscirf.gov/about-uscirf/former-commissioners.

**Response**:

Undisputed.

3.      After finishing her studies at the University of Arkansas in 2006, Plaintiff went to

work for the Muslim Public Affairs Council ("MPAC").  Before applying for a position at

USCIRF in the spring of 2009, Plaintiff held the position of D.C. Director of Government

Relations at MPAC.  *See* Ex. U1.

**Response**:

Undisputed.

4.      In the spring of 2009, Plaintiff applied and interviewed for the South Asia Policy

Analyst position with USCIRF, an independent, bipartisan, legislative branch entity within the

U.S. federal government, consisting of nine Commissioners and a professional staff.  *See id.*

**Response**:

Plaintiff objects to the statement on the grounds that describing USCIRF as a "legislative

branch entity" is a legal conclusion.  Otherwise undisputed.

5.      On June 1, 2009, without informing any of the USCIRF Commissioners,

Mr. Standish offered Plaintiff the policy analyst position.  *See* Ex. U3; Declaration of Leonard A.

Leo, Ex. D1 ("Leo Decl.") ¶ 9.

**Response**:

Plaintiff disputes the statement as not material.

6.      On June 17, 2009, Mr. Standish abruptly resigned, and Knox Thames, the Commission's Director for Policy and Research, was appointed Acting ED.  *See* Ex. U5, Ex. U6.

**Response**:

Plaintiff objects to the use of the word "abruptly" because it improperly characterizes the facts.  Otherwise, the statement is undisputed.

7.      The Commissioners remained unaware of Mr. Standish's offer to Plaintiff until June 26, 2009 when Mr. Thames informed two Commissioners, Leonard Leo and Nina Shea, about Mr. Standish's actions.  *See* Knox Thames Deposition, Ex. TR 2 ("Thames Tr.") 222–23, Nina Shea Deposition, Ex. TR 3 ("Shea Tr.") 73–74, Leonard A. Leo Deposition, Ex. TR 4 ("Leo Tr.") 70–72; Leo Decl. ¶ 10.

**Response**:

Plaintiff disputes the statement as not material.  Otherwise, Plaintiff does not dispute that Mr. Thames informed Mr. Leo and Ms. Shea on June 26, 2009 about her hire and that other Commissioners were not aware of the hire at the time.

8.      On July 1, 2009, Mr. Thames informed Plaintiff that the *Commission* was withdrawing its offer because of a hiring freeze that had been imposed during the ED vacancy.  *See* Thames Tr. 260–62.

**Response**:

Plaintiff disputes the statement on the grounds that it is contradicted by other facts in the record.  At the start of his conversation with Ms. Ghori-Ahmad on July 1, 2009, Mr. Thames told Ms. Ghori-Ahmad that the commission was rescinding her hiring due to a hiring freeze, but later in that conversation he admitted that the "real reason" was her religion and national origin.  Ex. 1 (Ghori-Ahmad 2010 Tr. at 125).

3

9.      Plaintiff was offered, and accepted, work at USCIRF under a temporary (90-day) contract.  *See* Ex. U7.

**<u>Response</u>**:

Plaintiff disputes the statement on the grounds that it is incomplete and therefore misleading to the extent that the referenced material is purported to be a "contract," which it is not.  Ms. Ghori-Ahmad does not dispute that she was offered and accepted a temporary position at USCIRF with an initial term of 90 days rather than the permanent position for which she was hired.  Ex. 13 (Thames Tr. at 74, 306); Ex. 1 (Ghori-Ahmad 2010 Tr. at 143-145, 155-158, 165).

10.     Plaintiff began her work as an independent contractor on July 27, 2009, and her contract expired by its own terms on October 27, 2009.  *Id.*

**<u>Response</u>**:

Plaintiff disputes the statement on the grounds that the terms "independent contractor" and "contract expired by its own terms" are legal conclusions.  Plaintiff also disputes the statement as not supported by the referenced material.  Plaintiff further disputes the statement on the grounds that it is contradicted by other facts in the record that show that Ms. Ghori-Ahmad was an employee of the Commission and that the Commission consciously did not extend her temporary position.  *See* Ex. 13 (Thames Tr. at 74, 306); Ex. 1 (Ghori-Ahmad 2010 Tr. at 143-145, 155-158, 165); Ex. 10 (Leo Tr. at 161-163, 165-168); Ex. 52 (USCIRF_071091).  *See also* Decl. ¶ 3-5; Plaintiff's Statement of Genuine Issues and Additional Material Facts ¶¶ 78, 80, 82, 91-98.

11.     As of mid-June 2009, when Mr. Standish resigned, Leonard Leo had been elected as Chair of the Commission, with his term set to begin on July 1, 2009.  *See* Thames Tr. 190, Leo Decl. ¶ 3.

4

**Response**:

Undisputed.

12.     Prior to Mr. Leo, the Chair of the Commission was Felice Gaer.  *See* Declaration of Felice Gaer, Ex. D2 ("Gaer Decl.") ¶¶ 19, 22.

**Response**:

Undisputed.

13.     On August 14, 2009, Plaintiff contacted the EEO office for the U.S. General Services Administration.  *See* Compl. ¶ 81.

**Response**:

Undisputed.

14.     On September 17, 2009, she filed a formal complaint of discrimination under Title VII.  *See id.*

**Response**:

Undisputed.

15.     Plaintiff requested a hearing before an Administrative Judge.  *See id.* ¶ 83.  The Administrative Judge later granted the Commission's motion to dismiss for lack of jurisdiction, and Plaintiff appealed to the EEOC's Office of Federal Operations.  *See id.* ¶ 86.

**Response**:

Undisputed.

16.     In late December of 2011, Plaintiff initiated a second request for counseling, this time under the CAA and not Title VII.  *See* Compl. ¶ 91.

**Response**:

Undisputed.

17.     Executive Director James Standish did not notify Commissioners about Plaintiff's offer and did not consult with them in any way regarding Plaintiff's application before extending an offer to Plaintiff. *See* Declaration of Michael Cromartie, Ex. D3 ("Cromartie Decl.") ¶ 7; Don Argue Deposition, Ex. TR 5 ("Argue Tr.") 33, 52−54; Shea Tr. 73; Felice Gaer Deposition, Ex. TR 6 ("Gaer Tr.") 60−62, 66−67; Leo Tr. 69−72; Declaration of Richard Land, Ex. D4 ("Land Decl.") ¶ 9; Declaration of Don Argue, Ex. D5 ("Argue Decl.") ¶ 10; Nina Shea Declaration, Ex. D7 ("Shea Decl.") ¶ 8. *See* Knox Thames Deposition, Ex. TR 2 ("Thames Tr.") 222−23, Nina Shea Deposition, Ex. TR 3 ("Shea Tr.") 73−74, Leonard A. Leo Deposition, Ex. TR 4 ("Leo Tr.") 70−72; Leo Decl. ¶ 10.

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff does not dispute that Mr. Standish did not consult with Commissioners on her application.

**Response**:

Plaintiff disputes the statement as not material. Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.

██████████████████████████████████████████████████

███████████████████████████████

19.     USCIRF Commissioners "make decisions, set policies, and actively direct" the business of the organization.  *See* Gaer Decl. ¶ 12; Argue Decl. ¶ 5; Shea Tr. 56−57; Thames Tr. 24−25.

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on the grounds that it is vague and contradicted by other facts in the record showing that Commissioners delegated decisions and direction of the organization to the Executive Director. *See* Ex. 21 (FG_00001979-80); Ex. 8 (Gaer Tr. at 29-30); Ex. 18 (FG_00000562-63).

20.     USCIRF Commissioners must approve reports, press releases, statements, or recommendations made on behalf of USCIRF.  Gaer Decl. ¶ 12.

**Response**:

Plaintiff disputes the statement as not material.

21.     Commissioners must be able to trust that policy staff is reliable, objective, and unbiased.  *See* Shea Tr. 96, 104; Wolcott Decl. ¶ 8; Leo Tr. 42; Dwight Bashir Deposition, Ex. TR 10 ("Bashir Tr.") at 108.

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff further disputes the statement as not supported by the referenced material.

████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record,



**Response**:

Plaintiff disputes the statement as not material for the reasons discussed in Plaintiff's Response to Statement 22, above.  Plaintiff further disputes the statement as not supported by the referenced material.

24.     Commissioners believed Standish had concealed Plaintiff's candidacy and offer from them.  *See* Gaer Decl. ¶ 14 & Ex. U11; Ex. U12; Ex.U13; Gaer Tr. 98, 102−03; Leo Tr. 71; Shea Decl. ¶¶ 8, 34.

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff further disputes the statement as not supported by the referenced material.  *See, e.g.* Ex. U12 (USCIRF_058930)

25.     Incoming Chair Leonard Leo believed that Plaintiff's "offer needed to be rescinded" because Standish "did not have the authority" to make it.  Leo Tr. 88.

**<u>Response</u>**:

Plaintiff disputes the statement as not material.  Plaintiff further disputes the statement on the grounds that it is contradicted by other facts in the record, including the fact that none of the contemporaneous documents cite Mr. Standish's lack of authority as a reason for the rescission of Plaintiff's offer, Mr. Leo's initial enthusiasm about Plaintiff's hire, and Mr. Leo's statement to Mr. Thames that Ms. Shea's opposition was the reason for the rescission.  *See* Ex. 17 (NS_00001752-53); Ex. 39 (USCIRF_043157-59); Ex. 40 (NS_00000606-611); Ex. 13 (Thames Tr. at 223-24, 256-57); Ex. 22 (Thames Statement).

26.     Other Commissioners agreed that Mr. Leo's rescission was justified.  Gaer Tr. 79–80; Argue Tr. 52; Argue Decl. ¶ 13; Land Tr. 97–98; Gaer Decl. ¶ 19; Ex. U12.

**<u>Response</u>**:

Plaintiff disputes the statement as not material because other Commissioners were not involved in the decision to rescind the offer made to Plaintiff.  Plaintiff further disputes the statement as not supported by the referenced material.  *See* Ex. 13 (Thames Tr. at 272-273); Ex. 8 (Gaer Tr. at 78-81); Ex. 11 (Shea Tr. at 100); Ex. 40 (NS_00000606-611).  Plaintiff also disputes the statement on the grounds that it is incomplete and therefore misleading.  Certain Commissioners thought Plaintiff should be hired.  *See* Ex. 10 (Leo Tr. at 162-164), Ex. 7 (Cromartie Tr. at 80-81, 90-91), Ex. 13 (Thames Tr. at 89-93).

27.     When he became Chair, Mr. Leo instituted a hiring freeze to last until the hiring of a new ED.  *See* Leo Decl. ¶¶ 12, 14 & Ex. 1; Argue Decl. ¶ 7; Gaer Decl. ¶ 24.

**<u>Response</u>**:

Plaintiff disputes the statement as not material because the alleged hiring freeze was not the reason Ms. Ghori-Ahmad's offer was rescinded or the reason her temporary contract was not extended. *See* Ex. 19 (Standish Statement),  Ex. 20 (FG_00000431-432).  Plaintiff further disputes the statement on the grounds that it is contradicted by other facts in the record. ▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* Ex. 13 (Thames Tr. at 100-102),  Ex. 15 (Zeng Tr. at 17-19, 50-51, 118), Ex. 63 (FG_00001801-1803).

28.     Mr. Leo felt that the new ED needed to be able to participate in the hiring of staff so that USCIRF would not be controlled by the "dead hand" of a past ED. *See* Leo Decl. ¶ 12 Ex. 1; Ex. U14 (Leo Tr. Ex. 5).

**Response**:

Plaintiff disputes the statement as not material for the reasons discussed in Plaintiff's Response to Statement 27, above.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.  Other individuals who had recently been hired or promoted by Mr. Standish (and prior Executive Directors) were left in place and continue to be employed by USCIRF to the present day.  *See* http://www.uscirf.gov/about-uscirf/professional-staff; *see also* Ex. 13 (Thames Tr. at 10-12), Ex. 24 (NS_00001360-362).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Response**:

Plaintiff disputes the statement as not material for the reasons discussed in Plaintiff's Response to Statement 27, above.

30.     Mr. Leo opposed permitting the now-departed ED (especially in light of concerns about his conduct and resignation) or the Acting ED, who had been at the Commission for only four months, to further constrain a future ED by hiring for any additional positions. *See* Leo Decl. ¶ 14; Ex. U14.

**Response**:

Plaintiff disputes the statement as not material for the reasons discussed in Plaintiff's Response to Statement 27, above.  Plaintiff further disputes the statement on the grounds that it is contradicted by other facts in the record.  For example, Mr. Thames was permitted to and did hire certain staff during the alleged hiring freeze. Ex. 15 (Zeng. Tr. at 17-19), Ex. 13 (Thames Tr. at 187-190).

31.     Commissioners believed that it was more important to focus their attention on filling the position of ED rather than on hiring other staff members. *See*, *e.g.*, Michael Cromartie Deposition, Ex. TR 12 ("Cromartie Tr.") 69; Argue Decl. ¶ 8.

**Response**:

Plaintiff disputes the statement as not material because Ms. Ghori-Ahmad had already been hired.  Plaintiff further disputes the statement as not supported by the referenced material. Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.  Neither Mr. Cromartie nor Mr. Argue was involved in rescinding Ms. Ghori-Ahmad's offer.  Ex. 13 (Thames Tr. at 272-73). ███████████████████████████████

████████████████████████████ *See* Ex. 14 (Wolcott Tr. at 52-59).

In addition, Mr. Cromartie and Dr. Land were in support of hiring Plaintiff. Ex. 56 (USCIRF-EEOC000084), Ex. 7 (Cromartie Tr. at 90-91), Ex. 13 (Thames Tr. at 89-97, 320-321).  USCIRF

did hire new staff during the alleged hiring freeze, and did not hire a new Executive Director until February 2010.  Ex. 15 (Zeng Tr. at 17-19), Ex. 14 (Wolcott Tr. at 7).

32.     Mary Zeng was hired as a researcher, not a policy analyst and Mr. Thames consulted with the Commissioners before extending an employment offer to Ms. Zeng.  *See* Thames Tr.187-90.

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement as not supported by the referenced material.  Mr. Thames, as an acting Executive Director, was not operating under the same authority as Mr. Standish.  Ex. 18 (FG_00000562-63), Ex. 19 (Standish Statement).  In addition, the statement suggests a distinction between researcher and policy analyst that USCIRF did not recognize.  Ex. 14 (Wolcott Tr. at 158-160), Ex. 67 (USCIRF_025541).  Ms. Zeng took over Ms. Ghori-Ahmad's portfolio.  Ex. 15 (Zeng Tr. at 50-51).

33.     Nina Shea's view of MPAC was based on Ms. Shea's research of MPAC for a forthcoming book and her other experiences.  *See* Shea Decl. ¶ 12.

**Response**:

Plaintiff disputes the statement as not material because the fact that Ms. Shea's animus against certain Muslims and Muslim organizations was reinforced by "research" or her experience is irrelevant to any issue in this litigation.  Plaintiff further disputes the statement on the grounds that it is contradicted by other facts in the record, as detailed in Plaintiff's Response to Statement 34.  Plaintiff also disputes the statement as not supported by the material cited in Ms. Shea's declaration, and objects that such material is not admissible.

34.    Ms. Shea viewed MPAC's public statements as ███████████ defending terrorist organizations and foreign governments, including those involved in religious oppression.  *See*, *e.g.*, Shea Decl. ¶¶ 22-23.

**<u>Response</u>**:

Plaintiff disputes the statement on the grounds that it is contradicted by evidence in the record.  At the time, Ms. Shea condemned MPAC ████████████████████████ ██████████████████████████████ Ex. 17 (NS_00001752-53), Ex. 11 (Shea Tr. at 129). Plaintiff also disputes the statement on the grounds that it is incomplete and therefore misleading.  Ms. Shea levied the same or similar criticisms against countless other Muslim organizations, ████████████████████████████████████████ ████████████████████████████████ Ms. Shea also opposed Ms. Ghori-Ahmad because ████████████████████████ Ex. 17 (NS_00001752-53).  Ms. Shea had levied similar criticisms against ██████████████████████████████████ ██████ *Id.*, Ex. 11 (Shea Tr. at 134-35).  The evidence shows that Ms. Shea's attitudes toward MPAC simply mirror her attitudes toward Muslims and Muslim organizations generally. Plaintiff also disputes the statement as not supported by the material cited in Ms. Shea's declaration, and objects that such material is not admissible.

35.    Ms. Shea observed what she believed to be misrepresentations in Plaintiff's work at MPAC:  Plaintiff had authored an article arguing that the Department of Justice had engaged in a "witch hunt" against Sami al-Arian and characterized as "non-terrorism related" his guilty plea of conspiring to support Palestinian Islamic Jihad, a Specially Designated Terrorist Organization.  Shea Decl. ¶ 27.

**<u>Response</u>**:

Plaintiff disputes the statement on the grounds that it is contradicted by other facts in the record, because Ms. Shea did not mention this concern at the time of Plaintiff's application to USCIRF.  Plaintiff also disputes the statement for the reasons discussed in Plaintiff's Response to Statement 34, above.  Plaintiff also disputes the statement as not supported by the material cited in Ms. Shea's declaration, and objects that such material is not admissible.

36.     MPAC partnered with organizations that Ms. Shea believed were directly linked to violent extremism and, thus, to religious intolerance.  *See* Shea Decl. ¶ 23.  For example, Ms. Shea was aware that MPAC partnered frequently with the Council on American-Islamic Relations, ("CAIR"), even after the Department of Justice identified CAIR as an unindicted coconspirator of the convicted HLF terrorist financiers, based in part on evidence that CAIR's leadership had plotted to support Hamas, obstruct the Middle East peace process, and conceal these activities from U.S. government scrutiny.

**Response**:

Plaintiff disputes the statement as not material for the reasons discussed in Plaintiff's Response to Statement 34, above.  Plaintiff also disputes the statement as not supported by the material cited in Ms. Shea's declaration, and objects that such material is not admissible.

37.     Ms. Shea also knew of instances when MPAC had unfairly criticized her own work and the work of USCIRF to promote religious freedom.  *See* Shea Decl. ¶¶ 24, 25.

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff further disputes the use of the term "unfairly" because it is conclusory and characterizes the alleged facts.  Plaintiff also disputes the statement as not supported by the material cited in Ms. Shea's declaration, and objects that such material is not admissible.

14

38.     Ms. Shea was also familiar with public statements made by MPAC's leaders that she believed were anti-Semitic.  *See* Shea Decl. ¶ 19.

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record as discussed in Plaintiff's Response to Statement 34, above.  Plaintiff also disputes the statement as not supported by the material cited in Ms. Shea's declaration, and objects that such material is not admissible.

**Response**:

Plaintiff disputes the statement because it improperly characterizes Ms. Shea's views ███

███████████████████████████████████████████████████

██████████████████████████████  Plaintiff further disputes the statement as not supported by the referenced material.  Plaintiff further disputes the statement on the grounds that it is contradicted by other facts in the record. ████████████████████

██▌█████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

**Response**:

   Plaintiff disputes the statement because it improperly characterizes Ms. Shea's views ██

███████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████ Plaintiff further disputes the statement as not supported by the

material cited in Ms. Shea's declaration, and objects that such material is not admissible.

Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the

record.████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████

█▌█████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.  ██████████████

██████████████████████████████████████████████████

██████████████████████████████████████

Plaintiff also disputes the statement as not supported by the referenced material.

42.     Commissioner Michael Cromartie believed that Ms. Shea's objections to Plaintiff's writing samples had nothing to do with Plaintiff's religion or ethnicity, but instead reflected concerns about the "political judgment" demonstrated by those writings.  Cromartie Tr. 82.

**Response**:

Plaintiff disputes the statement as not material because Mr. Cromartie was not aware of Ms. Shea's objections to Plaintiff's writing samples at the time, was not involved in the initial hiring process, and did not see any of Plaintiff's writing samples.  Ex. 7 (Cromartie Tr. at 27-29).  Plaintiff also disputes the statement as not supported by the referenced material.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.  Other USCIRF staff and Commissioners questioned the relevance of Ms. Shea's objections to Plaintiff's writing samples.  *See* Ex. 3 (Argue Tr. at 49), Ex. 10 (Leo Tr. at 46-54).

43.     Mr. Leo, Mr. Land, Mr. Cromartie and Mr. Argue were unfamiliar with any of the details about MPAC of which Ms. Shea was aware.  *See* Leo Tr. 111–12; Gaer Tr. 162, 163–64; Argue Tr. 98–99; Land Tr. 81; Cromartie Tr. 100.

**Response**:

Plaintiff disputes the statement because the use of the terms "details about MPAC of which Ms. Shea was aware" lacks foundation to the extent they suggest such details were objectively true.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.  Mr. Leo was made aware of Ms. Shea's views on MPAC, Ms. Ghori-Ahmad and Muslims generally.  *See* Ex. 18 (NS_00001752-53), Ex. 39 (USCIRF_043157-59), Ex. 40 (NS_00000606-611).  Plaintiff also disputes that the statement is material insofar as it deals with  Commissioners Land, Cromartie, and Argue, because they were not involved in the decision to rescind Ms. Ghori-Ahmad's offer.

44.    Ms. Shea's objections to Plaintiff based on her employment at MPAC and the lack of objectivity in her writing samples had no bearing on the other Commissioners' views of Standish's unauthorized offer to Plaintiff.  *See* Leo Tr. 130–32; Gaer Tr. 75–78, 88; Argue Tr. 61; Land Tr. 118.

**Response**:

Plaintiff disputes the statement as not material on the grounds that the stated reasons for Ms. Shea's objections were not her real objections to Ms. Ghori-Ahmad's hire.  Plaintiff further disputes the statement on the grounds that it is contradicted by other facts in the record.  Ms. Shea's opposition was the reason Mr. Leo gave Mr. Thames for rescinding the offer to Plaintiff. Ex. 13 (Thames Tr. at 257-58).  *See also* Ex. 17 (NS_00001752-53), Ex. 39 (USCIRF_043157-59), Ex. 40 (NS_00000606-611).  In addition, Ms. Shea opposed Ms. Ghori-Ahmad's hire before ever reviewing her writing samples.  Ex. 17 (NS_00001752-53).

45.    Commissioners Leo, Gaer, Argue, and Land believed that Standish's misconduct alone justified rescinding the job offer to Plaintiff, and that a hiring freeze was appropriate in

light of the vacancy in the ED position.  *See* Leo Tr. 121–22, 125; Gaer Tr. 78–80; Argue Tr. 56,

61; Land Tr. 98.

**<u>Response</u>**:

Plaintiff disputes the statement as not material because the stated reason was not the

reason why Plaintiff was not hired or why her contract was not extended.  Plaintiff further

disputes the statement on the grounds that it is contradicted by other facts in the record.  No

Commissioners beyond Mr. Leo and Ms. Shea were involved in the decision to rescind

Plaintiff's offer, and Mr. Leo told Mr. Thames that Ms. Shea's opposition was the reason for the

rescission, and no contemporaneous document supports the statement.  Ex. 13 (Thames Tr. at

256-57, 271-72), Ex. 17 (NS_00001752-53).  Plaintiff also disputes the  statement on the

grounds that the referenced material does not support the proposition stated that certain

Commissioners believed a hiring freeze was appropriate.

46.     Commissioners did not discuss or consider Plaintiff's religious faith when making

any decision about Plaintiff.  *See*, *e.g.*, Argue Tr. 53, 60–61 (not aware of Plaintiff's religion);

Shea Decl. ¶ 36; Leo Decl. ¶ 16, Cromartie Decl. ¶ 9, Land Decl. ¶ 10; Argue Decl. ¶ 11.

**<u>Response</u>**:

Plaintiff disputes the statement on the grounds that it is contradicted by other facts in the

record.  Ms. Shea, Mr. Leo, and Mr. Thames had extensive communications about Ms. Ghori-

Ahmad's religion and national origin.  *See, e.g.* Ex. 13 (Thames Tr. at 132-140), Ex. 17

(NS_00001752-53), Ex. 39 (USCIRF_043157-59), Ex. 40 (NS_00000606-611).

47.     Plaintiff has no knowledge regarding what, if anything, any other Commissioner

or staff member knew about her national origin.  *See* Pl. Tr. 260–61.

**<u>Response</u>**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.  Ex. 1 (Ghori-Ahmad 2010 Tr. at 118-122), Ex. 40 (NS_00000606-611).

48.      Commissioners did not discuss or consider Plaintiff's national origin when making decisions about Plaintiff.  *See*, *e.g.*, Argue Tr. 53, 60–61; Shea Decl. ¶ 36; Leo Decl. ¶ 16; Cromartie Decl. ¶ 19; Land Decl. ¶ 10; Argue Decl. ¶ 11.

**<u>Response</u>**:

Plaintiff disputes the statement on the grounds that it is contradicted by other facts in the record.  *See, e.g.* Ex. 1 (Ghori-Ahmad 2010 Tr. at 118-122), Ex. 40 (NS_00000606-611).

49.      Mr. Cromartie agreed that other Commissioners believed the hiring process and the ED vacancy to be the issues with Plaintiff's hiring.  *See* Cromartie Tr. 55–56.

**<u>Response</u>**:

Plaintiff disputes the statement as not material because Mr. Cromartie was not involved in the process of hiring Ms. Ghori-Ahmad.  *See* Ex. 7 (Cromartie Tr. at 27-29).  Plaintiff also disputes the statement on the grounds that is vague and not supported by the referenced material.

50.      After the offer of the position of South Asia Policy Analyst to Plaintiff was rescinded, the position did not remain open and the Commission did not continue to seek applicants from people of Plaintiff's qualifications.  *See* Ex. U23.

**<u>Response</u>**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.  During the alleged hiring freeze, USCIRF hired a non-Muslim, non-Pakistani woman named Mary Zeng who took over Plaintiff's responsibilities.  Ex. 13 (Thames Tr. at 100-102), Ex. 15 (Zeng Tr. at 17-19, 50-51, 118).

Although Ms. Zeng's title was different than the title for the position for which Ms. Ghori-Ahmad had been hired, differences in titles did not affect the substance of the staffer's responsibilities. *Id*; *see also* Ex. 14 (Wolcott Tr. at 158-160), Ex. 67 (USCIRF_025541).

█ █████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████

**<u>Response</u>**:

Plaintiff disputes the statement as not material on the grounds that ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ Plaintiff also disputes the

statement on the grounds that it is contradicted by other facts in the record. ███████████

████████████████████████████████████████████

██████████████████████████████████████

█ ████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████

**<u>Response</u>**:

Plaintiff disputes the statement as not material.

53.     A majority of Commissioners agreed with the decision to rescind Plaintiff's offer and the decision to impose a hiring freeze.  *See* Gaer Tr. 79–80; Argue Tr. 52; Shea Decl. ¶ 35; Land Tr. 97–98; Ex. U12.

**Response**:

Plaintiff disputes the statement as not material for the reasons discussed in Plaintiff's Response to Statement 27, above.

54.     The operative contract governing Plaintiff's temporary position with the Commission is the "Order for Supplies and Services" ("Order") and accompanying "Scope of Work."  *See* Ex. U7; Pl. Tr. 41–44; Walter DeSocio Deposition, Ex. TR 14 ("DeSocio Tr.") 66.

**Response**:

Plaintiff disputes the statement on the grounds that the use of the term "operative contract" is a legal conclusion.  Plaintiff further disputes the statement as not supported by the referenced material.  The document cited is not countersigned by Plaintiff and is not an integrated contract.  Plaintiff further disputes the statement on the grounds that it is contradicted by other facts in the record.  Plaintiff accepted the temporary position with USCIRF with the understanding that it could be an opportunity to transition into permanent employment with the Commission.  Ex. 13 (Thames Tr. at 74, 306), Ex. 1 (Ghori-Ahmad 2010 Tr. at 143-145, 155-158, 165), Ex. 10 (Leo Tr. at 161-163, 165-168).

55.     The Scope of Work states USCIRF's intent to engage Plaintiff as a "consultant," documents the duration of the contract, documents the method of payment, and states that there would be no withholding or payment of taxes by USCIRF.  *See* Ex. U7.  *See also* U25.

**Response**:

Plaintiff disputes the statement on the grounds that the title "consultant" is not material. Plaintiff also disputes the statement on the grounds that the use of the term "documents" is vague.  Plaintiff disputes that the "scope of work" states the financial terms of the arrangement or describes tax withholding.  Plaintiff does not dispute that USCIRF did not withhold taxes, but disputes that this fact is material.

56.    The Order and Scope of Work are silent both as to notice of termination and as to renewal or extension of the term.  *See* Ex. U7.

**Response**:

Plaintiff disputes the statement as not material.

57.    Plaintiff was not paid retirement benefits and did not accrue annual leave during her temporary position with USCIRF.  *See* Ex. U25 at 13.

**Response**:

Plaintiff disputes the statement as not material on the grounds that ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 14 (Wolcott Tr. at 111-114, 172-175), Ex. 27

(TE_00000412-418).



**Response**:

Plaintiff disputes the statement as not material. ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiff further disputes the statement on the grounds

that it is contradicted by other facts in the record. ▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████

59.     Plaintiff was aware that Thames lacked the authority to extend the contract.  *See* Pl. Tr. 145, 151–52.

**Response**:

Plaintiff disputes the statement as not material.

60.     Plaintiff did nothing herself to bring her desire to have her contract renewed to Commissioners' attention.  *See id.*

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.  Plaintiff worked with Mr. Thames, her supervisor, to showcase her work to Commissioners and repeatedly discussed with Mr. Thames extending her contract.  Ex. 13 (Thames Tr. at 74, 306), Ex. 1 (Ghori-Ahmad 2010 Tr. at 155-158, 165).

61.     Plaintiff reported only to Mr. Thames during her temporary contract, and Mr. Thames supervised and assigned most of what Plaintiff worked on during that time.  *See* Pl. Tr. 45–47, Thames Tr. 34.

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on the grounds that it is contradicted by other facts in the record.  Plaintiff was partially supervised by Elizabeth Cassidy on certain projects.  Ex. 6 (Cassidy Tr. at 100-101).  Plaintiff does not dispute that Mr. Thames was assigned to be her primary supervisor.

24

████████████

████████████████████████████

██████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

**Response**:

Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on the grounds that it is incomplete and therefore misleading. ██████████████████

██████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████



63.     Plaintiff does not recall being excluded from any Commissioner meetings. *See* Pl. Tr. 57−58.

**Response**:

Plaintiff disputes the statement as not material.

64.     When asked in 2010 if her relationship with the rest of the staff other than Mr. Thames was affected by her EEO complaint, Plaintiff said her relationship with the rest of the staff "was fine" during her temporary contract. Pl. 2010 Tr. 168.

**Response**:

Plaintiff disputes the statement as not material. Plaintiff also disputes the statement on the grounds that it is incomplete and therefore misleading. In 2014, Plaintiff testified that she "felt isolated by other staff in the office" and that people were "nervous" about her after they learned of her EEO complaint. Ex. 2 (Ghori-Ahmad 2014 Tr. at 109-110).

65.     Plaintiff admitted that she did not attempt to reach out to Mr. Thames after the day when he learned of her EEO complaint. *See* Pl. Tr. 130−31.

26

**Response**:

    Plaintiff disputes the statement as not material.

████████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████

**Response**:

███████████████████████████████████████████████

██████████████████████

███████████████████████████████████████████████████

████████

**Response**:

    Undisputed.

███████████████████████████████████████████████████

███████

**Response**:

    Undisputed

██████████████████████████████████████████████████

█████████████

**Response**:

    Plaintiff disputes the statement as not material.  Plaintiff also disputes the statement on

the grounds that it is contradicted by other facts in the record.  ███████████████████

██████████████████████████

**Response**:

Plaintiff disputes the statement as not material. ████████████████████

████████████████████████████████████ Plaintiff also

disputes the statement on the grounds that it is contradicted by other facts in the record. ████

**Response**:

Undisputed.

Respectfully Submitted,


/s/ Perry A. Lange
Eric Mahr (DC Bar #459350)
Perry A. Lange (DC Bar #494339)
Stacy E. Frazier (DC Bar #986806)
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)
eric.mahr@wilmerhale.com
perry.lange@wilmerhale.com
stacy.frazier@wilmerhale.com

*Attorneys for Plaintiff Safiya Ghori-Ahmad*